E-filing

1   PAUL L. REIN, Esq. (SBN 43053)
    CELIA McGUINNESS, Esq. (SBN 159420)
2   CATHERINE M. CABALO, Esq. (SBN 215202)
    LAW OFFICES OF PAUL L. REIN
3   200 Lakeside Drive, Suite A
    Oakland, CA 94612
4   Telephone: 510/832-5001
    Facsimile: 510/832-4787
5   reinlawoffice@aol.com

6   Attorneys for Plaintiff
    ROSA MCCLOSKEY

7

8

FILED

APR 1 4 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

9           UNITED STATES DISTRICT COURT
10         NORTHERN DISTRICT OF CALIFORNIA

ADR

11

ROSA MCCLOSKEY,                     CASE NO. **C11-01823**
12                                  Civil Rights
        Plaintiff,
13
    v.
14                                  COMPLAINT FOR PRELIMINARY AND
                                    PERMANENT INJUNCTIVE RELIEF
15                                  AND DAMAGES: DENIAL OF CIVIL
                                    RIGHTS AND ACCESS TO PUBLIC
16  D & J HILLVIEW LLC;             FACILITIES TO PHYSICALLY
    LABORATORY CORPORATION          DISABLED PERSONS, PER
17  OF AMERICA; CAMBRIDGE           CALIFORNIA STATUTES (INCLUDING
    PROPERTY MANAGEMENT;            CIVIL CODE §§ 51, 52, 54, 54.1, 54.3, and
18  SECURE HORIZONS USA, INC.;      55; and HEALTH & SAFETY CODE
    INDIVIDUAL PRACTICE             §§ 19955 *et seq.*); INJUNCTIVE RELIEF
19  ASSOCIATION MEDICAL             PER TITLE III, AMERICANS WITH
    GROUP OF SANTA CLARA            DISABILITIES ACT OF 1990
20  COUNTY, INC.; and DOES 1-20,
    Inclusive,                      DEMAND FOR JURY TRIAL
21
        Defendants.
22  _____/

23          Plaintiff ROSA MCCLOSKEY complains of defendants D & J

24  HILLVIEW LLC, LABORATORY CORPORATION OF AMERICA,

25  CAMBRIDGE PROPERTY MANAGEMENT, SECURE HORIZONS USA,

26  INC., INDIVIDUAL PRACTICE ASSOCIATION MEDICAL GROUP OF

27  SANTA CLARA COUNTY, INC. (hereinafter also "SCCIPA"), and DOES 1-20,

28  Inclusive, and each of them, and alleges as follows:

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

1.   **INTRODUCTION:**   This case involves the denial of accessible public facilities, including entrances, paths of travel, parking facilities, and interior paths of travel, and related facilities, to plaintiff Rosa McCloskey and to other disabled persons at the Gilroy LabCorp (hereinafter sometimes "Building"), located at 7949-D Wren Avenue, Gilroy, California.  Plaintiff Rosa McCloskey is a "person with a disability" or "physically handicapped person."  Plaintiff requires the use of a wheelchair for mobility and is unable to use portions of public facilities that are not accessible to disabled persons, including those who require the use of a wheelchair.  Plaintiff was denied her rights to full and equal access at these facilities, and was denied her civil rights under both California law and federal law, because these facilities were not, and are not now, properly accessible to physically disabled persons, including those who use wheelchairs. Further, when plaintiff complained about these inaccessible facilities to her health care insurers, they continued to insist that she use these facilities even after plaintiff's doctor had complained in writing and asked that his disabled patient be permitted to have her necessary blood work done at a different, accessible facility. Plaintiff seeks injunctive relief to require defendants to make these facilities accessible to disabled persons and to ensure that any disabled person who attempts to use this Building's facilities, including paths of travel and parking facilities, will be provided proper disabled accessible facilities.  Plaintiff also seeks recovery of damages for her discriminatory experiences and denial of access and civil rights, which denial is continuing as a result of defendants' failure and refusal to provide disabled accessible facilities.  Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs.

2.   **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC §§ 12101 *et seq.*  Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -2-          S:\CASES\L\LABCORP-GILROY\DJ HILLVIEW.CMP.AC.wpd

California law, including but not limited to violations of California Health & Safety Code §§ 19955 *et seq.*, including § 19959; Title 24 California Code of Regulations; and California Civil Code §§ 51, 52, 54, 54.1 and 55.

3.   **VENUE:** Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the real property that is the subject of this action is located in this district and that plaintiff's causes of action arose in this district.

4.   **INTRADISTRICT:** This case should be assigned to the San Jose intradistrict as the real property that is the subject of this action is located in this intradistrict and plaintiff's causes of action arose in this intradistrict.

5.   **PARTIES:** Plaintiff is a qualified physically disabled person who cannot walk and requires use of a wheelchair to assist her with locomotion. Defendants D & J HILLVIEW LLC, LABORATORY CORPORATION OF AMERICA, (hereinafter also "Labcorp") CAMBRIDGE PROPERTY MANAGEMENT; and DOES 1-10, Inclusive, are the owners, operators, and lessors and/or lessees of the property, building, businesses, parking facilities, and exterior paths of travel located at 7949-D Wren Avenue, Gilroy, California. Defendants SECURE HORIZONS USA, INC., INDIVIDUAL PRACTICE ASSOCIATION MEDICAL GROUP OF SANTA CLARA COUNTY, and DOES 11-20 (hereinafter also grouped as "Insurer Defendants") are plaintiff's insurance carriers and medical group under the control and supervision of SECURE HORIZONS USA, INC.. Together, they and their agents, DOES 11-20, made the decisions to refer plaintiff, a person known to them to be disabled, to an inaccessible laboratory for bloodwork, and continued to send her to this inaccessible lab facility even after plaintiff's doctor gave written notice complaining about the inaccessible facility, and requested that his patient be transferred to a more accessible lab facility for her bloodwork. Defendants denied this request.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -3-          S:\CASES\L\LABCORP-GILROY\DJ HILLVIEW.CMP.AC.wpd

6.     The building, facilities and businesses, and services, are each a "public accommodation and business establishment" subject to the requirements of California Health & Safety Code §§ 19955 *et seq.* and of California Civil Code §§ 54 *et seq.* On information and belief, these facilities have, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled access requirements per Health & Safety Code §§ 19955-19959 *et seq.* Construction and alterations since July 1, 1982 also subjected these facilities to the requirements of California's Title 24, the State Building Code, and since 1994 under the ADA. Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans with Disabilities Act of 1990. The policy discriminations complained of have all occurred within the two years prior to filing of this Complaint, and, on information and belief, will continue until policy barriers and access barriers are removed.

7.     The true names and capacities of Defendants DOES 1 through 20, Inclusive, are unknown to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that each of the defendants herein designated as a DOE is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to plaintiff; plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

8.     Defendants D & J HILLVIEW LLC, LABORATORY CORPORATION OF AMERICA, CAMBRIDGE PROPERTY MANAGEMENT, SECURE HORIZONS USA, INC., INDIVIDUAL PRACTICE ASSOCIATION MEDICAL GROUP OF SANTA CLARA COUNTY, INC.; and DOES 1-20, Inclusive, are and were the owners, operators, lessors and lessees of the subject businesses, property, building, exterior paths of travel and parking facilities at all times relevant to this Complaint; or, as to the Insurer Defendants, had the only

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -4-      S:\CASES\L\LABCORP-GILROY\DJ HILLVIEW.CMP.AC.wpd

1  contractual power to require plaintiff to attend the doctors and laboratory facilities

2  they authorized.  Plaintiff is informed and believes that each of the defendants

3  herein is the agent, employee or representative of each of the other defendants,

4  and performed all acts and omissions stated herein within the scope of such

5  agency or employment or representative capacity and is responsible in some

6  manner for the acts and omissions of the other defendants in proximately causing

7  the damages complained of herein.

8

9 **FIRST CAUSE OF ACTION: INJUNCTIVE RELIEF AND DAMAGES**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC**

10 **ACCOMMODATION:**
**(California Health & Safety Code §§ 19955 *et seq.*, Civil Code §§ 54.1 *et seq.*)**

11

12  9.  Plaintiff repleads and incorporates by reference, as if fully set forth

13  again herein, the factual allegations contained in Paragraphs 1 through 8, above,

14  and incorporates them herein by reference as if separately repled hereafter.

15  10.  Plaintiff Rosa McCloskey and other similarly situated physically

16  disabled persons, including those who require the use of a wheelchair, are unable

17  to use public facilities on a "full and equal" basis unless each such facility is in

18  compliance with the provisions of California Health & Safety Code §§ 19955 *et*

19  *seq.*  Plaintiff is a member of that portion of the public whose rights are protected

20  by the provisions of Health & Safety Code §§ 19955 *et seq.*

21  11.  Health & Safety Code §§ 19955 and 19955.5 were enacted "[t]o

22  ensure that public accommodations or facilities constructed in this state with

23  private funds adhere to the provisions of Chapter 7 (commencing with Section

24  4450) of Division 5 of Title 1 of the Government Code."  On information and

25  belief, the provisions of both Health & Safety Code §§ 19955 and 19955.5 apply

26  to the property, building, businesses, entrances, restrooms, parking facilities, and

27  paths of travel located at 7949-D Wren Avenue, Gilroy, California.  The codes

28  relating to such public accommodations also require that Title 24, California Code

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -5-          S:\CASES\L\LABCORP-GILROY\DJ HILLVIEW.CMP.AC.wpd

1   of Regulations, formerly known as the California Administrative Code, was in

2   effect at the time of each alteration which, on information and belief, occurred at

3   such public facility since July 1, 1982, thus requiring access complying with the

4   specifications of Title 24 whenever each such "alteration, structural repair or

5   addition" was carried out.  On information and belief, defendants and/or their

6   predecessors in interest carried out alterations, structural repairs, or additions to

7   the subject Building and to their parking facilities during the period Title 24 has

8   been in effect.  On information and belief, alterations, structural repairs, or

9   additions that triggered access requirements also occurred between July 1, 1970

10  and July 1, 1982, and required access pursuant to the A.S.A. (American Standards

11  Association) Regulations then in effect, pursuant to the incorporated provisions of

12  California Government Code §§ 4450 *et seq*.

13        12.    **FACTUAL STATEMENT:** Defendants SECURE HORIZONS

14  USA, INC., "SCCIPA," and Does 11-20 are plaintiff's medical care insurers.

15  Plaintiff Rosa McCloskey, an elderly and physically disabled woman, needs

16  regular blood work, prescribed by her physician, done in conjunction with her

17  other medical treatment.  Plaintiff is mobility disabled and requires being pushed

18  in a wheelchair in order to travel.  Although personally unable to drive, she

19  possesses a State of California disabled parking placard and is often transported

20  in a disabled accessible van or other vehicle. She uses a motorized wheelchair

21  when transported by a van, and uses her manual wheelchair when she is

22  transported in a passenger vehicle.  Defendants  SECURE HORIZONS USA,

23  INC., and SCCIPA and Does 11-20 within the past two years, directed and

24  continue to direct plaintiff to use the LabCorp facilities at 7949-D Wren Avenue,

25  Gilroy, California for all required and prescribed blood work.

26        13.    On multiple occasions in the past 2 years, when plaintiff was driven

27  by her daughter Gail McCloskey or other relatives to these facilities, she found

28  they had no properly demarcated or configured disabled parking or access aisles.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -6-          S:\CASES\L\LABCORP-GILROY\DJ HILLVIEW.CMP.AC.wpd

1  The "designated" disabled parking places were also insufficient in location and

2  number, and do not have accessible paths of travel to any building entrances.

3  When she was assisted in her wheelchair toward the LabCorp premises, inside a

4  larger building with multiple tenants, she found that all access to LabCorp and the

5  other businesses at 7949 Wren Avenue was blocked by 6-inch high curbs, except

6  for two crude concrete ramps on one side of the four sided building complex.

7  These ramps were illegally steep, had concrete drop-offs of one to two inches at

8  their base, and had no handrails although they were steeper than ramp maximums

9  allowed by law. Plaintiff's adult daughter, Gail McCloskey was finally able to

10  "bump" plaintiff in her wheelchair up one of these ramps, causing plaintiff

11  physical pain and discomfort, difficulty and embarrassment. There was also an

12  uneven path of travel to the LabCorp front door, and the doorway itself was

13  blocked to wheelchair access by an approximately 3-inch step. Plaintiff was

14  finally able to achieve access through a second, rear doorway to LabCorp, but

15  entry was difficult and, on information and belief, excessively narrow. Upon

16  entry, plaintiff had to have her wheelchair maneuvered by her daughter past a

17  receptionist chair and various furniture items blocking her path of travel to reach

18  the area inside LabCorp where her blood work was to be done. After her blood

19  work was done, plaintiff was required to have her wheelchair pushed back along

20  the same inaccessible route, and faced the danger of her chair tipping over when

21  she was taken back down the improperly steep and dangerously configured

22  concrete ramp back to the parking lot.

23  　　　　14.　　Although plaintiff's caregiver and daughter, Gail McCloskey, has

24  complained repeatedly about the lack of access, LabCorp's only "accommodation"

25  has been to place a "disabled accessible" sign at the rear door, while maintaining

26  all the inaccessible interior and exterior inaccessible path-of-travel features.

27  　　　　15.　　Plaintiff's daughter and caregiver complained to all defendants,

28  without significant wheelchair access improvement. As to the property owners,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES　　　-7-　　　S:\CASES\L\LABCORP-GILROY\DJ HILLVIEW.CMP.AC.wpd

1  operators, and tenants, plaintiff's attorney wrote requesting voluntary compliance
2  withour success to date (nearly two months).  Even her doctor tried to be of
3  assistance and wrote the medical insurer, defendants  SECURE HORIZONS
4  USA, INC. and Does 11-15 and SCCIPA and Does 16-20 that plaintiff "Rosa
5  McCloskey is wheelchair bound and uses LabCorp lab for blood work studies, but
6  LabCorp in Gilroy is too small and not wheelchair accessible."  This doctor also
7  requested that the medical insurer send plaintiff to another, more accessible lab,
8  Quest Diagnostics, which was located just two blocks away:  "Quest Diagnostics
9  is bigger and more accessible and convenient for patient. . . .  How would I go
10 about requesting a referral or sending patient to Quest instead of LabCorp since
11 she is SCIPPA?"  Defendants  SECURE HORIZONS USA, INC. and SCIPPA
12 and Does 11-20, who had directed plaintiff to use the inaccessible LabCorp
13 facilities in the first place, refused to require that LabCorp and property owner
14 and/or operator and/or lessee defendants make their facilities accessible, and
15 failed and refused to transfer the patient, plaintiff Rosa McCloskey, to a different
16 and more accessible facility, including but not limited to the Quest facility
17 referenced.  Instead, by written reply of December 21, 2010, the insurance and
18 SCIPPA defendants responded to plaintiff's doctor's requests by stating they had
19 "contacted our LabCorp representative," and "[t]he back door of the Gilroy PSC is
20 wheelchair accessible – which is used frequently by patients, however, a
21 laminated sign has been ordered and will be posted on the entrance door of the
22 PSC informing patients.  Please continue to send this member to LabCorp.
23 Thanks!" (Emphasis added).  On information and belief, these insurance
24 defendants made insufficient or no effort to check the subject LabCorp facilities
25 and verify their accessibility even after plaintiff's and her daughter's repeated
26 complaints that LabCorp's facilities were not accessible to plaintiff as a
27 wheelchair user patient.

28      16.     Of necessity, plaintiff has continued to travel to and patronize the

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -8-          S:\CASES\L\LABCORP-GILROY\DJ HILLVIEW.CMP.AC.wpd

1   Gilroy LabCorp facilities to get her necessary blood work, and each time
2   encountered the same exterior and interior path-of-travel obstacles previously
3   described. Even after plaintiff's attorney had written to both the property owners,
4   property managers, and to LabCorp, commencing February 23, 2011, asking that
5   the access deficiencies be remedied, plaintiff returned to use the facilities on
6   March 12, 2011, and found no improvement in accessibility for any of the
7   features complained of herein. She was pushed up the bumpy path with difficulty
8   by another daughter, Judy McClosky, and again suffered physical, mental and
9   emotional damages as she encountered multiple barriers which caused her
10  difficulty, discomfort, and embarrassment. Even the interior paths of travel inside
11  the LabCorp facility had not been remedied. On information and belief, the
12  interior restrooms at LabCorp are also not accessible, as are other portions of the
13  LabCorp facilities. On information and belief, these facilities are not accessible
14  to plaintiff or other disabled wheelchair users and should be made accessible for
15  use by plaintiff, so that plaintiff can use these facilities in the future. Further, the
16  insurer defendants have continued to refuse to refer plaintiff to a nearby Quest lab
17  or another alternative and more accessible laboratory facility. As a result plaintiff
18  was required to return to the subject Labcorps facility of necessity again, on or
19  about April 2, 2011. This time her daughter, Gail McClosky, brought a male
20  friend to help push plaintiff in her wheelchair along the same path of travel.
21  Plaintiff again encountered the same barriers and suffered similar damages,
22  including those on the inaccessible interior of the LabCorps facility.

23      17.     The architectural barriers encountered by plaintiff denied her
24  accessible facilities, and caused her difficulty, discomfort and embarrassment, on
25  each and every visit she was required to make into LabCorp over the past two
26  years. On each occasion, plaintiff suffered physical, mental and emotional
27  damages, all to her general, statutory and treble damages, according to proof.

28      18.     Further, at all times mentioned herein above and continuing to date,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -9-     S:\CASES\L\LABCORP-GILROY\DJ HILLVIEW.CMP.AC.wpd

1  the Building had and continues to have other access deficiencies, including but

2  not limited to the following: Insufficient disabled and van accessible parking

3  throughout the parking lots servicing the Building at 7949 Wren Ave, and the few

4  designated disabled parking places are insufficiently configured or signed to

5  comply with law and provide proper access; paths of travel throughout the

6  exterior of the building are inaccessible; two separate ramps from the parking to

7  the entry level are each crudely configured and not compliant with state and

8  federal law, including non compliant slopes and side slopes. As a result these

9  barriers not only are illegally maintained but subject disabled wheelchair users to

10  the dangers of tipping over or out of their wheelchairs due to improper slope and

11  configuration of the ramp. These barriers to access are listed without prejudice to

12  plaintiff citing additional barriers to access after a formal inspection by plaintiff's

13  access consultant, per the Ninth Circuit's standing standards under <u>Doran v. 7-</u>

14  <u>Eleven, Inc.</u>, 524 F.3d 1034 (9th Cir. 2008). All facilities must be brought into

15  compliance with all applicable federal and state statutory and regulatory

16  requirements.

17      19.    Further, each and every violation of the Americans with Disabilities

18  Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of

19  which are repled and incorporated herein, word for word, as if separately repled)

20  also constitutes a separate and distinct violation of California Civil Code § 54(c),

21  thus independently justifying an award of damages and injunctive relief pursuant

22  to California law, including but not limited to Civil Code §§ 54.3 and 55.

23      20.    Further, each and every violation of the Americans with Disabilities

24  Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are

25  repled and incorporated herein, word for word, as if separately repled) also

26  constitutes a separate and distinct violation of California Civil Code § 54.1(d),

27  thus independently justifying an award of damages and injunctive relief pursuant

28  to California law, including but not limited to Civil Code §§ 54.3 and 55.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -10-          S:\CASES\L\LABCORP-GILROY\DJ HILLVIEW.CMP.AC.wpd

21. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding plaintiff as a physically disabled member of the public from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of plaintiff in that these actions continue to treat plaintiff as an inferior and second class citizen and serve to discriminate against her on the sole basis that she is a person with disabilities who requires the use of a wheelchair for movement in public places. Plaintiff is unable, so long as such acts and omissions of defendants continue, to achieve equal access to and use of these public facilities. She has repeatedly asked, through her daughter and then through letters from her legal counsel, that the premises be made accessible, but defendants owners, operators, lessors, and lessees have failed and refused to do so. Plaintiff alleges that she intends to return and patronize these facilities as long as she must, due to the failure of her health insurers, Secure Horizon USA, Inc., "SCCIPA," and Does 11-20, to allow her to obtain bloodwork at a different nearby and accessible facility, and despite her doctor writing to defendants and requesting his patient be allowed to have necessary blood work at an accessible location. However, the insurer defendants have refused these reasonable requests for accommodation. Plaintiff would return to use the LabCorp facilities and services, once they have had barriers removed so that the described premises are "wheelchair accessible," but until then, she requests the insurer defendants grant her doctor's request to transfer the patient to a more accessible lab facility. The acts of defendants have proximately caused and will continue to cause irreparable injury to plaintiff if not enjoined by this Court. As to those of the defendants that currently own, operate, and/or lease out the subject premises, and as to the insurers defendants who carry out a discriminatory policy toward plaintiff of forcing her to return to an inaccessible

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -11-     S:\CASES\L\LABCORP-GILROY\DJ HILLVIEW.CMP.AC.wpd

1  facility, plaintiff seeks preliminary and permanent injunctive relief to enjoin and
2  eliminate the discriminatory practices and barriers that deny equal access for
3  disabled persons. Plaintiff also seeks an award of reasonable statutory attorney
4  fees, litigation expenses and costs. As to the insurer defendants, plaintiff seeks a
5  Court order that plaintiff be allowed to have her blood work done at an alternative
6  and accessible laboratory facility.

7        22.    Wherefore plaintiff asks this Court to preliminarily and permanently
8  enjoin any continuing refusal by defendants to grant full and equal access to
9  plaintiff in the respects complained of and to require defendants to comply
10 forthwith with the applicable statutory requirements relating to access for disabled
11 persons. Such injunctive relief is provided by California Health & Safety Code
12 §19953 and California Civil Code § 55, and other law. Plaintiff further requests
13 that the Court award attorney fees, litigation expenses, and costs pursuant to
14 Health & Safety Code § 19953, Civil Code §§ 54.3 and 55, Code of Civil
15 Procedure § 1021.5 and other law, all as hereinafter prayed for.

16       23.    **DAMAGES:** As a result of the denial of equal access to these
17 facilities, and due to the acts and omissions of defendants and each of them
18 respectively in owning, leasing, constructing, altering, and maintaining the
19 subject facilities, and, as to the insurer defendants, refusing to alter their
20 discriminatory policy, plaintiff suffered multiple violations of her civil rights,
21 including but not limited to rights under Civil Code §§ 54 and 54.1, all to her
22 damages per Civil Code § 54.3, including statutory treble damages, as hereinafter
23 stated. Defendants' actions and omissions to act constitute discrimination against
24 plaintiff on the sole basis that she was and is physically disabled and unable,
25 because of the architectural, policy, and other barriers created and/or maintained
26 by the defendants in violation of the subject laws, to use the public facilities on a
27 full and equal basis as other persons.

28       24.    **TREBLE DAMAGES:** Plaintiff has been damaged by defendants'

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -12-    S:\CASES\L\LABCORP-GILROY\DJ HILLVIEW.CMP.AC.wpd

1  wrongful conduct and seeks the relief that is afforded by Civil Code §§ 54, 54.1,
2  and 54.3.  At all times herein mentioned, defendants were fully aware that
3  significant numbers of potential users of their public facilities are and will be
4  physically disabled persons.  Further, defendants knew that some of their patrons
5  would be and were physically disabled persons, including wheelchair users and
6  other mobility-impaired persons, and would have need of facilities that complied
7  with California Title 24 and ADAAG standards for accessible facilities.  Despite
8  actual knowledge of their legal obligations, all defendants have continued to
9  maintain the physical barriers and policy barriers and discrimination complained
10  of.  On information and belief, defendants failed to remove these barriers even
11  after knowledge of complaints by plaintiff and other disabled persons, and have
12  failed to provide properly accessible facilities, at the subject site, or provide
13  alternative and accessible accommodation, all as required by state and federal
14  law.  Defendants have continued their illegal and discriminatory policies and
15  practices despite actual knowledge that people with physical mobility disabilities
16  attempt to patronize the subject public facilities and encounter illegal barriers
17  when they do so.  Such conscious disregard for the rights and safety of disabled
18  persons warrants an award of treble damages as to each such defendant.

19      25.  **FEES AND COSTS:**  As a result of defendants' acts, omissions, and
20  conduct, plaintiff has been required to incur attorney fees, litigation expenses, and
21  costs as provided by statute, in order to enforce plaintiff's rights and to enforce
22  provisions of the law protecting access for disabled persons and prohibiting
23  discrimination against disabled persons.  Plaintiff therefore seeks recovery of all
24  reasonable attorney fees and costs, pursuant to the provisions of California Civil
25  Code §§ 54.3 and 55, and California Health & Safety Code § 19953.
26  Additionally, plaintiff's lawsuit is intended to require that defendants make their
27  facilities accessible to all disabled members of the public, justifying "public
28  interest" attorney fees and costs pursuant to the provisions of California Code of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -13-          S:\CASES\L\LABCORP-GILROY\DJ HILLVIEW.CMP.AC.wpd

1  Civil Procedure § 1021.5 and other applicable law.

2  WHEREFORE, plaintiff prays for damages and injunctive relief as

3  hereinafter stated.

4

5  **SECOND CAUSE OF ACTION:**

6  **VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH**

7  **DISABILITIES ACT AS INCORPORATED BY CIVIL CODE SECTION 51(f)**

8  26. Plaintiff repleads and incorporates by reference, as if fully set forth

9  hereafter, the factual allegations contained in Paragraphs 1 through 25 of this

10  Complaint and incorporates them herein, and also incorporates herein the

11  allegations of the Third Cause of Action, *infra.*

12  27. At all times relevant to this complaint, California Civil Code § 51

13  has provided that physically disabled persons are free and equal citizens of the

14  state, regardless of medical condition or disability:

15  All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national

16  origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services

17  in all business establishments of every kind whatsoever. Cal. Civ. C. § 51(b).

18

19  28. California Civil Code § 52 provides that the discrimination by

20  defendants against plaintiff on the basis of her disability constitutes a violation of

21  the general anti-discrimination provision of §§ 51 and 52.

22  29. Defendants' discrimination constitutes a separate and distinct

23  violation of California Civil Code § 52, which provides that:

24  Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each

25  and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a

26  maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that

27  may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -14-   S:\CASES\L\LABCORP-GILROY\DJ HILLVIEW.CMP.AC.wpd

1    30.    Any violation of the Americans with Disabilities Act of 1990 (as

2  pled in the Third Cause of Action) constitutes a violation of California Civil Code

3  § 51(f), thus independently justifying an award of damages and injunctive relief

4  pursuant to California law.  Per § 51(f), "A violation of the right of any individual

5  under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall

6  also constitute a violation of this section."

7    31.    The actions and omissions of defendants as herein alleged constitute

8  a denial of access to and use of the described public facilities by physically

9  disabled persons within the meaning of California Civil Code §§ 51 and 52.  As a

10  proximate result of defendants' action and omissions, defendants have

11  discriminated against plaintiff in violation of Civil Code §§ 51 and  52.

12    32.    **FEES AND COSTS:**  As a result of defendants' acts, omissions and

13  conduct, plaintiff has been required to incur attorney fees, litigation expenses and

14  costs as provided by statute in order to enforce plaintiff's rights and to enforce

15  provisions of the law protecting access for disabled persons and prohibiting

16  discrimination against disabled persons.  Plaintiff therefore seeks recovery of all

17  reasonable attorney fees, litigation expenses and costs pursuant to the provisions

18  of California Civil Code §§ 51 and 52.  Additionally, plaintiff's lawsuit is

19  intended to require that defendants make their facilities and policies accessible to

20  all disabled members of the public, justifying "public interest" attorney fees,

21  litigation expenses and costs pursuant to the provisions of California Code of

22  Civil Procedure § 1021.5 and other applicable law.

23        Wherefore, plaintiff prays the Court grant relief as requested hereinbelow.

24

25                          **THIRD CAUSE OF ACTION:**
26    **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
                          **42 USC §§ 12101 *et seq.***

27

28    33.    Plaintiff repleads and incorporates by reference, as if fully set forth

  again herein, the allegations contained in  Paragraphs 1 through 32 of this

1 Complaint, and incorporates them herein as if separately repled.

2     34.   In 1990 the United States Congress made findings that laws were

3 needed to more fully protect "some 43,000,000 Americans [with] one or more

4 physical or mental disabilities"; that "historically, society has tended to isolate

5 and segregate individuals with disabilities"; that "such forms of discrimination

6 against individuals with disabilities continue to be a serious and pervasive social

7 problem"; that "the Nation's proper goals regarding individuals with disabilities

8 are to assure equality of opportunity, full participation, independent living, and

9 economic self-sufficiency for such individuals"; and that "the continuing

10 existence of unfair and unnecessary discrimination and prejudice denies people

11 with disabilities the opportunity to compete on an equal basis and to pursue those

12 opportunities for which our free society is justifiably famous. . . ." 42 USC

13 § 12101.

14     35.   In passing the Americans with Disabilities Act of 1990 (hereinafter

15 "ADA"), Congress stated as its purpose:

16     It is the purpose of this Act

17     (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

18

19     (2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

20     (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with

21     disabilities; and

22     (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to

23     address the major areas of <u>discrimination faced day-to-day</u> by people with disabilities. [Emphasis added.]

24

    42 USC § 12101(b).

25

26     36.   As part of the ADA, Congress enacted "Title III - Public

27 Accommodations and Services Operated by Private Entities" (42 USC §§ 12181

28 *et seq.*). The subject property and facilities are considered "public

1  accommodations" for purposes of this title per § 301(7)(F), any "pharmacy,

2  insurance office, professional office of a health care provider, hospital, or other

3  service establishment." This discriminatory policy provisions of the ADA also

4  apply to the insurance defendants' discriminatory policies of sending plaintiff, a

5  known disabled person, to use, and be required to continue to use, a known

6  physically inaccessible facility.

7      37.     The ADA clearly states that "No individual shall be discriminated

8  against on the basis of disability in the full and equal enjoyment of the goods,

9  services, facilities, privileges, advantages, or accommodations of any place of

10  public accommodation by any person who owns, leases, or leases to, or operates a

11  place of public accommodation." 42 USC § 12182. The specific prohibitions

12  against discrimination included, but were not limited to the following:

13  § 302(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory

14  to afford an individual or class of individuals, on the basis of a disability or

15  disabilities of such individual or class, directly, or through contractual, licensing,

16  or other arrangements, with the opportunity to participate in or benefit from a

17  good, service, facility, privilege, advantage, or accommodation that is not equal to

18  that afforded to other individuals";

19  § 302(b)(2)(A)(ii): "a failure to make reasonable modifications in policies,

20  practices, or procedures when such modifications are necessary to afford such

21  goods, services, facilities, privileges, advantages, or accommodations to

22  individuals with disabilities";

23  § 302(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure

24  that no individual with a disability is excluded, denied service, segregated, or

25  otherwise treated differently than other individuals because of the absence of

26  auxiliary aids and services";

27  § 302(b)(2)(A)(iv): "a failure to remove architectural barriers, and

28  communication barriers that are structural in nature, in existing facilities . . .

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -17-          S:\CASES\L\LABCORP-GILROY\DJ HILLVIEW.CMP.AC.wpd

1    where such removal is readily achievable";

2    § 302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier

3    under clause (iv) is not readily achievable, a failure to make such goods, services,

4    facilities, privileges, advantages, or accommodations available through alternative

5    methods if such methods are readily achievable."

6        The acts and omissions of defendants set forth herein were in violation of

7    plaintiff's rights under the ADA and the regulations promulgated thereunder, 28

8    CFR Part 36 *et seq*.

9       38.    The removal of each of the barriers complained of by plaintiff as

10    hereinabove alleged, were at all times herein mentioned "readily achievable"

11    under the standards § 302 of the ADA. As noted hereinabove, removal of each

12    and every one of the architectural barriers complained of herein was also required

13    under California law. Further, on information and belief, alterations, structural

14    repairs or additions since January 26, 1993, have also independently triggered

15    requirements for removal of barriers to access for disabled persons per § 303 of

16    the ADA. Further, the "policy barriers" complained of as to the insurer

17    defendants were also easy to remedy by allowing plaintiff to have her doctor-

18    ordered and necessary blood work done at a different and more accessible facility.

19       39.    On information and belief, as of the dates within the past two years

20    of plaintiff's efforts to patronize the facilities at 7949-D Wren Avenue, Gilroy,

21    California, and as of the filing of this Complaint, the premises owned, operated

22    and maintained by defendants have denied and continue to deny full and equal

23    access to plaintiff and to other disabled persons, including wheelchair users, in

24    other respects, which violated plaintiff's rights to full and equal access and which

25    discriminated against plaintiff on the basis of her disability, thus wrongfully

26    denying to plaintiff the full and equal enjoyment of the goods, services, facilities,

27    privileges, advantages and accommodations, in violation of §§ 302 and 303 of the

28    ADA. 42 USC §§ 12182 and 12183.

40.     Pursuant to the ADA, § 308, 42 USC §§ 12188 *et seq.*, plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 USC §§ 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that she is about to be subjected to discrimination. Pursuant to § 308(a)(2), "In cases of violations of § 302(b)(2)(A)(iv) and § 303(a) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

41.     Plaintiff seeks relief pursuant to remedies set forth in § 204(a) of the Civil Rights Act of 1964, (42 USC §§ 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of § 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to use the property and premises.

WHEREFORE, plaintiff prays for damages and injunctive relief as hereinafter stated.

## **PRAYER**

Plaintiff prays that this Court:

1.     Issue a preliminary and permanent injunction directing defendants, who are current owners, operators, lessors and lessees of the subject property and premises, to modify the above described property and premises and related facilities to provide full and equal access to persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA § 308(a) and state law directing defendants to provide facilities usable by plaintiff and similarly situated persons with disabilities, and which provide full and equal access, and to

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -19-          S:\CASES\L\LABCORP-GILROY\DJ HILLVIEW.CMP.AC.wpd

1  maintain these facilities in a properly accessible conditions, as required by law;

2  and, until these facilities are all made fully accessible to plaintiff and other

3  mobility impaired persons, to direct the insurer defendants to change their

4  policies and provide an interim referral to another and more accessible laboratory

5  facility where plaintiff can have necessary blood work done.

6      2.    Retain jurisdiction over the defendants until such time as the Court is

7  satisfied that defendants' unlawful policies, practices, acts and omissions, and

8  maintenance of inaccessible public facilities as complained of herein no longer

9  occur, and cannot recur;

10      3.    Award to plaintiff all appropriate damages, including but not limited

11  to statutory damages, general damages and treble damages in an amount within

12  the jurisdiction of the Court, all according to proof;

13      4.    Award to plaintiff all reasonable statutory attorney fees, litigation

14  expenses, and costs of this proceeding as provided by law;

15      5.    Award prejudgment interest pursuant to Civil Code § 3291; and

16      6.    Grant such other and further relief as this Court may deem just and

17  proper.

18

19

20

21

22  Dated:  April 14, 2011           LAW OFFICES OF PAUL L. REIN

23

24

25  By PAUL L. REIN
                         Attorneys for Plaintiff

26                           ROSA MCCLOSKEY

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -20-    S:\CASES\L\LABCORP-GILROY\DJ HILLVIEW.CMP.AC.wpd

1

## **DEMAND FOR JURY**

2

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

3

4    Dated: April 14, 2011                    LAW OFFICES OF PAUL L. REIN

5

6

By PAUL L. REIN
7    Attorneys for Plaintiff
ROSA MCCLOSKEY
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -21-        S:\CASES\L\LABCORP-GILROY\DJ HILLVIEW.CMP.AC.wpd